11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jeremy Clinton Bledsoe

Appellant

Vs.                   No.
11-01-00322-CR --  Appeal
from Rockwall County

State of Texas

Appellee

 

Appellant pleaded guilty on  September 15, 1998, to the offense of
unlawful possession of a controlled substance pursuant to a plea agreement that
he made with the State.  The trial court
assessed his punishment on October 6, 1998, pursuant to the terms of the plea
agreement at confinement in a state jail facility of the Texas Department of
Criminal Justice for a term of 2 years, probated for 5 years.  The trial court additionally imposed a fine
of $1,000.  Appellant remained on
probation until August 16, 2001, at which time the trial court revoked his
probation by ordering that appellant be confined in a state jail facility for
20 months.  We affirm.

Appellant presents two issues on appeal.  He contests the voluntariness of his guilty
plea in his first issue.  Under the
recent holding of Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App.2001), we do not
have jurisdiction to consider appellant=s
complaint.  Citing the language of
TEX.R.APP.P. 25.2(b) and its history, Cooper held that an issue
concerning the voluntariness of a guilty plea cannot be raised on appeal from a
plea-bargained, felony conviction. 
Cooper v. State, supra at 81. 
Moreover, appellant=s
complaint regarding the voluntariness of his plea is not timely.  Had he wished to raise an issue relating to
his conviction, appellant was required to perfect an appeal when the original
sentence was imposed rather than waiting until probation was revoked almost
three years later.  See Manuel v. State,
994 S.W.2d 658, 661 (Tex.Cr.App.1999); Whetstone v. State, 786 S.W.2d 361, 363
(Tex.Cr.App.1990).   Appellant=s first issue is overruled.








Appellant argues in his second issue that the
trial court abused its discretion in revoking his probation.  We review a trial court's decision to revoke
an order of community supervision under the abuse of discretion standard.
Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App.1984). An abuse of discretion
occurs “only when the trial judge's decision was so clearly wrong as to lie
outside that zone within which reasonable persons might disagree.” Cantu v.
State, 842 S.W.2d 667, 682 (Tex.Cr.App.1992), cert. den’d, 509 U.S. 926
(1993).  The State's burden of proof in
a revocation proceeding is by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871, 873
(Tex.Cr.App.1993).  In determining the
sufficiency of the evidence to sustain a probation revocation, we review the
evidence in the light most favorable to the trial court's ruling.  See Garrett v. State, 619 S.W.2d 172, 174
(Tex.Cr.App.1981).  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony.  Garrett v. State,
supra at 174.

When the trial court has found several violations,
the order revoking probation will be affirmed if the proof of any allegation is
sufficient. See Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App.1980); Moses v.
State, 590 S.W.2d 469, 470 (Tex.Cr.App.1979). 
In other words, proof of any alleged violation is sufficient to support
an order revoking community supervision. See O'Neal v. State, 623 S.W.2d 660,
661 (Tex.Cr.App.1981).  A plea of Atrue@ by the defendant to an allegation that he
violated terms of probation, standing alone, is sufficient to support
revocation of probation.  Hays v. State,
933 S.W.2d 659, 661 (Tex.App. - San Antonio 1996, no pet=n).

The State alleged that appellant violated numerous
conditions of probation.  Appellant
pleaded true to several of the alleged violations, including those alleging the
commission of subsequent offenses.  The
State offered evidence in support of most of the alleged violations to which
appellant pleaded not true.  The
appellate record, therefore, establishes that the trial court did not abuse its
discretion in revoking appellant=s
probation.  Appellant=s second issue is
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

July 11, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.