Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00085-CR

                                                    __________

 

                               JARVIS DWHIRL INGRAM, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR30302

 



 

                                             M
E M O R A N D U M   O P I N I O N

This
is an appeal from a judgment revoking community supervision.  The trial court
convicted Jarvis Dwhirl Ingram, appellant, upon his plea of guilty, of the
third degree felony offense of evading arrest and detention in a vehicle and
assessed his punishment at confinement for five years and a $1,500 fine. 
Pursuant to the plea bargain agreement, the trial court suspended the
imposition of the sentence and placed appellant on community supervision for
five years.  At the hearing on the State=s
motion to revoke, appellant entered pleas of true to some of the allegations
that he had violated the terms and conditions of his community supervision. 
The trial court found that appellant had violated the terms and conditions of
his community supervision, revoked his community supervision, and imposed the
original sentence.  We affirm.








Appellant
presents two issues on appeal.  In his first issue, he contends that the trial
court violated his constitutional rights (1) because the trial court denied his
motion for continuance and (2) because the evidence was insufficient to
establish several of the alleged community supervision violations.  In his
second issue, he contends that the trial court improperly rendered his
punishment and that the punishment was unduly harsh and excessive.

We
review a trial court=s
ruling on a motion for continuance for abuse of discretion.  Gallo v.
State, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); Janecka v. State,
937 S.W.2d 456, 468 (Tex. Crim. App. 1996).  To establish an abuse of
discretion, there must be a showing that the defendant was actually prejudiced
by the denial of his motion.  Gallo, 239 S.W.3d at 764; Janecka,
937 S.W.2d at 468.  A bare assertion that counsel did not have adequate time to
prepare for trial is not proof of prejudice.  See Renteria v. State, 206
S.W.3d 689, 702 (Tex. Crim. App. 2006); Heiselbetz v. State, 906 S.W.2d
500, 512 (Tex. Crim. App. 1995); Wilson v. State, 195 S.W.3d 193, 198
(Tex. App.CSan Antonio
2006, no pet.).

Appellant=s counsel filed a motion
for continuance on the date of the revocation hearing.  He filed the motion at
appellant=s request. 
In the motion, appellant=s
counsel moved for continuance on the ground that appellant Awant[ed] more time to
prepare.@  The fact
that appellant wanted more time to prepare for trial was not a sufficient
ground for continuance.  The record does not demonstrate that appellant was
prejudiced by the denial of his motion.  The trial court did not abuse its
discretion in denying appellant=s
motion.








Appellant
asserts that the evidence was insufficient to establish several of the alleged
community supervision violations.  We review a trial court=s order revoking community
supervision under an abuse of discretion standard.  Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984).  At a revocation hearing, the State bears the
burden of proving by a preponderance of the evidence that the defendant
violated the terms and conditions of community supervision.  Cobb v. State,
851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  Proof of any one violation of the
terms and conditions of community supervision is sufficient to support a
revocation.  McDonald v. State, 608 S.W.2d 192, 200 (Tex. Crim. App.
1980); Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); Leach
v. State, 170 S.W.3d 669, 672 (Tex. App.CFort
Worth 2005, pet. ref=d). 
A plea of true alone is sufficient to support the trial court=s determination to revoke. 
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Hays v. State,
933 S.W.2d 659, 661 (Tex. App.CSan
Antonio 1996, no pet.).  When a plea of true is made, the sufficiency of the
evidence to support the revocation may not be challenged.  Cole, 578
S.W.2d at 128; Hays, 933 S.W.2d at 661.

Appellant
pleaded true to the State=s
allegations (1) that, on or about November 11, 2005, he used, possessed, and
consumed marihuana; (2) that, on or about January 17, 2006, he used, possessed,
and consumed cocaine; (3) that, on or about July 26, 2006, he used, possessed,
and consumed cocaine; and (4) that he failed to attend Alcoholics Anonymous
meetings as directed. Appellant=s
Atrue@ pleas were sufficient to
support the trial court=s
revocation of his community supervision.  Moses, 590 S.W.2d at 470; Cole,
578 S.W.2d at 128; Hays, 933 S.W.2d at 661.  Therefore, the trial court
did not abuse its discretion in revoking appellant=s community supervision.  We overrule
appellant=s first
issue.

In
his second issue, appellant contends that the trial court imposed an excessive
sentence.   The Eighth Amendment to the United States Constitution prohibits
cruel and unusual punishment.  See U.S. Const. amend. VIII.  Appellant=s
failure to object in the trial court to the alleged excessive sentence waived
any error.  Wynn v. State, 219 S.W.3d 54, 61 (Tex. App.C Houston [1st Dist.] 2006,
no pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.CHouston [1st Dist.] 1997,
pet. ref=d). 
Moreover, appellant=s
sentence was not grossly disproportionate to the offense.

As
a general rule, punishment is not excessive, cruel, or unusual if it falls
within the range of punishment established by the legislature.  Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Dale v. State,
170 S.W.3d 797, 799 (Tex. App.CFort
Worth 2005, no pet.); Rodriguez v. State, 71 S.W.3d 778, 779 (Tex.
App.CTexarkana 2002,
no pet.).  A narrow exception to this rule is recognized where the sentence is
grossly disproportionate to the offense.  Harmelin v. Michigan, 501 U.S.
957 (1991); Solem v. Helm, 463 U.S. 277, 290-91 (1983); Dale, 170
S.W.3d at 799.  A[O]utside
the context of capital punishment, successful challenges to the
proportionality of particular sentences [will be] exceedingly rare.@  Solem, 463 U.S. at
289-90 (quoting Rummel v. Estelle, 445 U.S. 263, 272 (1980)).








Solem
had suggested that, in determining the proportionality of a sentence, appellate
courts could consider three factors: (1) the gravity of the offense compared
with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the
same crime in other jurisdictions.  Solem, 463 U.S. at 292.  In light of
Harmelin, the test in Solem appears to have been reformulated as
an initial threshold comparison of the gravity of the offense with the severity
of the sentence.  Then, if that initial comparison created an inference that
the sentence was grossly disproportionate to the offense, an appellate court
should consider the other two Solem factors: (1) sentences for similar
crimes in the same jurisdiction and (2) sentences for the same crime in other
jurisdictions.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.CTexarkana 2006, no pet.); Lackey
v. State, 881 S.W.2d 418, 420-21 (Tex. App.CDallas
1994, pet. ref=d).

In
this case, appellant committed a third degree felony offense of evading arrest
and detention in a vehicle.  The punishment for a third degree felony is Aimprisonment in the
institutional division for any term of not more than 10 years or less than 2
years.@  Tex. Penal Code Ann. ' 12.34(a) (Vernon 2003). 
In addition, the punishment may include Aa
fine not to exceed $10,000.@ 
Tex. Penal Code Ann. ' 12.34(b) (Vernon 2003). 
Appellant=s sentence
of five years and a fine of $1,500 falls within the range of punishment
established by the legislature.  Appellant judicially confessed that he
committed the offense, and he admitted that he possessed and used cocaine and
marihuana during the term of his community supervision.  Considering these
facts, we cannot say that appellant=s
sentence was grossly disproportionate.  We overrule appellant=s second issue.

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

July 31, 2008                                                                           JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.