**Opinion filed March 11, 2010**



In The

# Eleventh Court of Appeals

———————

## No. 11-09-00077-CR

———————

## MATTHEW SHANE MCGOUGH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16664B**

## M E M O R A N D U M   O P I N I O N

Matthew Shane McGough pleaded guilty to the first degree felony offense of possession of more than four grams, but less than 200 grams, of methamphetamine with intent to deliver in a drug-free zone. The trial court deferred adjudication of guilt, placed appellant on community supervision for ten years, and assessed a fine of $1,000. The State filed a motion to revoke appellant's community supervision and to proceed with an adjudication of appellant's guilt. Appellant pleaded true to nine of the State's twelve allegations, and the trial court found that all twelve allegations were true. Therefore, the trial court found that appellant had violated the terms and conditions of his

community supervision, revoked his community supervision, adjudicated his guilt, and imposed a sentence of confinement for twenty years and a fine of $1,000. We affirm.

Appellant presents three issues for review. In his first issue, he contends that the trial court erred in admitting into evidence an edited videotape of his November 20, 2008 arrest. In his second issue, he contends that he was deprived of his right to compulsory process for obtaining witnesses in his favor because a witness that he wanted to present refused to testify on the basis of the Fifth Amendment privilege against self-incrimination. In his third issue, he contends that the prosecutor made improper arguments during final argument.

We review a trial court's order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). A plea of true, standing alone, is sufficient to support a trial court's determination to revoke. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.— San Antonio 1996, no pet.). When a plea of true is made, the sufficiency of the evidence to support the revocation may not be challenged. *Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661.

The State alleged in its motion to revoke that appellant had committed twelve violations of the conditions of his community supervision. Appellant pleaded true to nine of the State's allegations, including allegations that he had possessed and used methamphetamine, amphetamine, and marihuana. Appellant's "true" pleas were sufficient to support the trial court's revocation of his community supervision. *Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661. Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating guilt. Appellant's issues are overruled.

2

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


March 11, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.