**Don Page HAYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–95–00938–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 2, 1996.

Michael Stephen Raign, San Antonio, for Appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

CHAPA, Chief Justice.

This is an appeal from an order revoking ·appellant's probation. On May 18, 1993, appellant pled guilty to the offense of indecency with a child. Appellant was placed on community supervision for a period of ten years. On October 5, 1995, the trial court entered an order revoking appellant's probation and sentencing him to ten years confinement. The basis of the revocation was appellant's violation of his probation by driving with a suspended license. The sole issue before us is whether the trial court abused its discretion in revoking appellant's probation. We affirm the judgment of the trial court.

■ In a probation revocation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Naquin v. State,* 607 S.W.2d 583, 586 (Tex. Crim.App. [Panel Op.] 1980); *Battle v. State,* 571 S.W.2d 20, 21 (Tex.Crim.App. [Panel Op.] 1978). Consequently, appellate review of a trial court's order revoking probation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983); *Lloyd v. State,* 574 S.W.2d 159, 160 (Tex. Crim.App. [Panel Op.] 1978). In determining abuse of discretion, we view the evidence adduced at the revocation hearing in the light most favorable to the trial court's findings. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim.App. [Panel Op.] 1979).

At his probation revocation hearing, appellant entered a plea of true to the offense of driving with a suspended license. After the trial court accepted appellant's plea, appellant informed the court that he was not aware that his license had been suspended at the time of the offense. He noted that he would not have been driving had he known of the suspension. Nevertheless, the trial court determined that a probation violation had occurred and revoked appellant's probation.

■ In his first point of error, appellant contends that there is insufficient evidence to prove that he violated the conditions of his probation by driving with a suspended license. Appellant asserts that his plea of true was not made unequivocally because he offered an affirmative defense to driving with a suspended license by stating that he was unaware of the suspension. Because the State failed to rebut his defense, appellant contends that the State failed to prove the violation of probation by a preponderance of the evidence. *See Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Crim.App.1974)(establishing that probation revocation must be supported by a preponderance of the evidence).

After making his plea, appellant was advised by the trial court that a plea of true

could result in the revocation of his probation. Appellant indicated that he understood the consequences of his plea. Further, appellant's attorney stated to the court that "[appellant] makes no excuses for the driving while [sic] license suspended." There is nothing in the record to indicate that appellant made his plea on the condition that the court consider his defense or that he moved to withdraw his plea after it was accepted by the trial court. Neither does he complain on appeal that his plea of true was improvident. Therefore, appellant's plea may certainly be considered as evidence to support the revocation of his probation.

In *Cole v. State,* 578 S.W.2d 127 (Tex.Crim. App. [Panel Op.] 1979), the court of criminal appeals held that the trial court must make its findings after considering all of the evidence presented, including defensive issues. As such, there is no reason for the trial court to disregard a plea of true even if defensive issues are later presented. *Id.* at 128. In the present case, the record reflects that the trial court properly considered appellant's defense in light of his plea of true.

■ When a plea of true is made, the sufficiency of the evidence may not be challenged. *Rincon v. State,* 615 S.W.2d 746, 747 (Tex.Crim.App. [Panel Op.] 1981); *Cole,* 578 S.W.2d at 128. A "plea of true, standing alone, is sufficient to support the revocation of probation." *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App. [Panel Op.] 1979). As such, appellant's violation of probation was supported solely by his plea of true, notwithstanding the fact that the State offered nothing to rebut his defense. Accordingly, we find no abuse of discretion in the trial court's revocation of appellant's probation. Appellant's first point of error is overruled.

■ In his second point of error, appellant notes that he had successfully performed the terms of his probation prior to the violation at issue, he was receiving counseling on a voluntary basis, and his probation violation was a common traffic offense. Appellant argues that, in light of his rehabilitation efforts, the trial court abused its discretion in revoking his probation instead of modifying and continuing it.

Appellant acknowledges that the revocation of probation is within the discretion of the trial court; however, he relies on *Battle,* 571 S.W.2d at 21 and *Scamardo,* 517 S.W.2d at 297, for the proposition that the trial court does not have absolute discretion to revoke probation. In so doing, appellant takes the statements of the court of criminal appeals out of context and misstates the law.

■ Both *Battle* and *Scamardo* provide that the trial court is not accorded absolute discretion in the decision to revoke probation. Yet, these assertions contemplate the trial court revoking probation absent the proper presentation of evidence which would support revocation. *See Flournoy v. State,* 589 S.W.2d 705, 708 (Tex.Crim.App. [Panel Op.] 1979). The holding in both cases is better reflected by the proposition that the trial court does not have discretion to terminate probation without an affirmative finding, supported by sufficient evidence, of a violation of a condition of probation.

Once such evidence is presented the trial court may choose to either continue, modify, or revoke probation. TEX.CODE CRIM.PROC. ANN. art. 42.12(22) (Vernon Supp.1996). As noted above, the only question legitimately before the appellate court in regard to the trial court's decision in a probation revocation proceeding is whether the trial court abused its discretion. "When the proceedings are regular and the violation is properly proven, the question answers itself." *Flournoy,* 589 S.W.2d at 709. Under such circumstances, "the discretion of the trial court to choose the alternative of revocation is at lease substantially absolute." *Id.* at 708. An appeal in such a case is "practically an exercise in futility." *Id.* at 709.

Because appellant's plea of true properly supports a violation of a condition of his probation, the trial court did not err in revoking appellant's probation. Appellant's second point of error is overruled. The judgment of the trial court is affirmed.