11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Margaret E.
Hernandez

Appellant

Vs.      
            No. 11-02-00147-CR  -- 
Appeal from Erath County

State of Texas

Appellee

 

Margaret
E. Hernandez appeals from the judgment revoking her community supervision.  Appellant originally pleaded guilty to the
offense of forgery, a state jail felony. 
Pursuant to the plea bargain agreement, the trial court assessed
punishment at confinement in a state jail facility for 2 years and a fine of
$1,000, but the court suspended the imposition of confinement and placed
appellant on community supervision for 5 years.  The State subsequently filed a motion to revoke appellant=s community supervision.  After a hearing in which appellant pleaded
true to the State=s
allegations, the trial court revoked appellant=s community supervision and assessed punishment at confinement for 2
years in a state jail facility and a $1,000 fine.  We affirm.  

Appellant
presents three issues on appeal.  In the
first issue, she contends that the trial court abused its discretion in
revoking her community supervision because she established the affirmative
defense of inability to pay.  In the
second issue, she contends that the trial court abused its discretion in
revoking her community supervision because she established the affirmative
defense that she was unable to perform the required community service and was
also unable to report to her probation officer.  In her third issue, appellant argues that the trial court abused
its discretion by failing to consider alternate means of punishment other than
revocation and imprisonment.  








Appellant=s plea of true to a violation of just one
condition of her community supervision is alone sufficient to support the
revocation of her community supervision. 
Moore v. State, 605 S.W.2d 924 (Tex.Cr.App.1980); Moses v. State, 590
S.W.2d 469 (Tex.Cr.App.1979); Cole v. Sate, 578 S.W.2d 127 (Tex.Cr.App.1979);
see also Benoit v. State, 561 S.W.2d 810, 818-19 (Tex.Cr.App.1977).  At the hearing, appellant persisted in
pleading true despite the trial court=s warnings that her plea constituted a judicial confession, that no
other evidence was needed to establish the truth of the allegations, and that
her plea alone could result in the revocation of her community supervision and
the imposition of a sentence of confinement for 2 years and the $1,000 fine
previously assessed.  Appellant
indicated that she understood the consequences of pleading true.  Appellant=s plea of true is sufficient to support the revocation notwithstanding
any defensive issues subsequently raised by appellant.  Cole v. State, supra; Hays v. State, 933
S.W.2d 659 (Tex.App. - San Antonio 1996, no pet=n).  

Furthermore,
the trial court did not abuse its discretion in ordering appellant to a term of
confinement.  See Flournoy v. State, 589
S.W.2d 705 (Tex.Cr.App.1979).  Not only
did appellant plead true to the allegations in the State=s motion to revoke, but appellant=s community supervision officer testified
about appellant=s actions while on community supervision and
about appellant=s violations of the terms and conditions of
her community supervision.  The
community supervision officer gave her opinion that appellant Ais not willing to do probation.@  We
find no abuse of discretion by the trial court.  Appellant=s issues are overruled.  

The
judgment of the trial court is affirmed. 


 

W. G. ARNOT, III

CHIEF
JUSTICE

December 12, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.