MEMORANDUM OPINION


No. 04-05-00627-CR

Presly WILSON a/k/a Milton Holmes,
Appellant

v.

The STATE of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-8555
Honorable Sid L. Harle, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   February 1, 2006

AFFIRMED
            Presly Wilson, also known as Milton Holmes (hereinafter referred to as Holmes), was
convicted of possession of a controlled substance and assessed two years community supervision. 
Holmes now appeals the trial court’s ruling revoking community supervision and assessing one year
confinement in State jail. We affirm.
 
Factual and Procedural Background
            Holmes was convicted for possession of a controlled substance of less than one gram, namely
cocaine, and sentenced to two years of community supervision. While on community supervision,
Holmes was involved in a traffic stop in which he resisted arrest. The State filed a motion to revoke
community supervision, and Holmes pled true to violating a term of his probation. As a result, the
trial court revoked Holmes’ community supervision and assessed a one year sentence in State jail. 
Holmes now appeals asserting the trial court abused its discretion when it revoked community
supervision and sentenced him to a one-year confinement because Holmes provided mitigating
factors. Specifically, Holmes “was a college student, not a violent criminal. His attitude and value
system had changed, and he felt that he would be able to follow probation conditions if given another
chance.”
Standard of Review
            In a revocation proceeding, the State must prove by a preponderance of the evidence that the
defendant violated a term of community supervision. Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993). Appellate review of an order revoking community supervision is limited to a
determination of whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983); Hays v. State, 933 S.W.2d 659, 660 (Tex. App.–San Antonio 1996, no pet.). 
When ascertaining whether an abuse of discretion occurred, we view the evidence in a light most
favorable to the trial court’s findings. Jackson, 645 S.W.2d at 305.
Review of Revocation
            At his revocation hearing, Holmes entered a plea of true pursuant to resisting arrest. Holmes
also admitted he failed to report to his supervision officer in February and March 2005. A “plea of
true, standing alone is sufficient to support the revocation of probation.” Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. 1979). Therefore, Holmes’ violation of community supervision was
supported by his plea of true, notwithstanding the fact he attempted to offer mitigating
circumstances. Hays, 933 S.W.2d at 661; Fletcher v. State, 2004 WL 199285, at *1 (Tex. App.–San
Antonio Feb. 4, 2004, no pet.). Accordingly, we find no abuse of discretion in the trial court’s
revocation of Holmes’ community supervision.
 
Catherine Stone, Justice

Do Not Publish