In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00222-CR


NO. 09-08-00223-CR


 _____________________



ROBERT LEE MOUTON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 83622, 83623







MEMORANDUM OPINION


 Appellant Robert Lee Mouton, Jr. appeals from the trial court's orders revoking his
community supervision in two cases. We affirm the trial court's judgment.

 Pursuant to plea bargain agreements, Mouton pled guilty to aggravated assault with
a deadly weapon. In each case, the trial court found the evidence sufficient to find Mouton
guilty, but deferred further proceedings, placed Mouton on community supervision for eight
years, and assessed a fine of $700 in each case. Condition number one of each deferred
adjudication order provided that Mouton "[c]ommit no offense against the laws of this State
or of any other state or of the United States." 

 The State subsequently filed a motion to revoke Mouton's unadjudicated community
supervision in each case. In both cases, the State's motion to revoke alleged that Mouton
violated condition one of the deferred adjudication order because on February 19, 2008, he
committed the offense of injury to a child by hitting and kicking a child younger than
fourteen. At the hearing on the motions to revoke, Mouton pled "true" to the allegation and
the State abandoned the other allegations in the motions to revoke. After hearing evidence
on the motions to revoke, the trial court found the evidence sufficient to find condition one
true, revoked Mouton's unadjudicated probation in both cases, found Mouton guilty of
aggravated assault with a deadly weapon, assessed punishment at twenty years of
confinement in the TDCJ-Institutional Division, and ordered that the sentences would run
consecutively.

 In Mouton's sole issue on appeal he challenges the sufficiency of the evidence
supporting revocation. He argues that the motions do not identify the correct victim. 
However, the record reflects subsequent motions to revoke, to which he pled true, that do
correctly identify the victim. 

 This Court's review of an order revoking probation is limited to determining whether
the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984). At a probation revocation hearing, the State has the burden of establishing the alleged
violations by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993). Proof of a violation of a single condition of probation is sufficient to
support a trial court's decision to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980). A plea of "true" standing alone is sufficient to support a revocation of
probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). When a plea of
"true" is entered, the sufficiency of the evidence may not be challenged. Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979); Hays v. State, 933 S.W.2d 659, 661 (Tex. App.--San Antonio 1996, no pet.). 

 Mouton pled "true" to the allegations contained in the State's motions to revoke
regarding the injury to a child. Mouton's plea of "true" was sufficient to support a
revocation of his probation. See Moses, 590 S.W.2d at 470; Cole, 578 S.W.2d at 128; Hays,
933 S.W.2d at 661. Because Mouton pled "true" to at least one violation alleged in both of
the State's motions to revoke, the trial court did not abuse its discretion in revoking his
community supervision. See Moses, 590 S.W.2d at 470; Cole, 578 S.W.2d at 128; Hays, 933
S.W.2d at 661. Appellant's issue is overruled. The trial court's judgment is affirmed.

 AFFIRMED. 

 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on May 5, 2009

Opinion Delivered May 13, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.