

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00440-CR

Michael Antoine **MCHENRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-3412
Honorable Mary D. Román, Judge Presiding

Opinion by:      Phylis J. Speedlin, Justice

Sitting:         Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED

Michael McHenry appeals the revocation of his community supervision. McHenry contends

the trial court abused its discretion in revoking his community supervision because the evidence was

insufficient to prove by a preponderance of the evidence that he violated a condition of his

community supervision. We affirm the judgment of the trial court.

## BACKGROUND

McHenry was charged with felony possession with intent to deliver cocaine in an amount more than one gram but less than four grams.  TEX. HEALTH AND SAFETY CODE ANN. § 481.112(c) (Vernon Supp. 2009).  Pursuant to a plea agreement, McHenry pled no contest.  On August 21, 2006, McHenry was sentenced to ten (10) years in prison, and was assessed a $1,500.00 fine and $2,053.00 in restitution.  His sentence was suspended, and he was placed on ten (10) years community supervision.  As some of the conditions of his community supervision, McHenry was required to pay restitution in the total amount of $2,053.00 at the rate of $17.40 per month, complete 500 hours of community service at the rate of twenty hours per month, attend Narcotics Anonymous meetings twice per week, and register for and participate in the After Hours drug counseling program.  On March 12, 2009, the State filed a motion to revoke McHenry's community supervision, alleging multiple violations of the conditions of his community supervision.  Specifically, the State alleged that McHenry failed to pay the scheduled restitution in violation of Condition No. 11, failed to regularly attend After Hours counseling in violation of Condition No. 15A, failed to perform 500 hours of community service at the rate of twenty hours per month in violation of Condition No. 20, and failed to attend Narcotics Anonymous meetings two times per week in violation of Condition No. 35.[1]  At the revocation hearing held on June 26, 2009, McHenry pled "not true" to the four alleged violations.  After hearing testimony from McHenry and his probation officer, the trial court found that McHenry had violated the four conditions of his community supervision.  The court revoked his community supervision and sentenced McHenry to ten (10) years imprisonment in the

---

[1] The State also alleged a violation of Condition No. 1 based on commission of the offense of aggravated sexual assault of a child, but later waived that allegation.

Texas Department of Criminal Justice–Institutional Division. McHenry filed a motion for new trial asserting newly discovered evidence in the form of his medical condition; the motion was not set for a hearing, and was overruled by operation of law. McHenry now appeals the revocation of his community supervision.

## ANALYSIS

Our review of a trial court's order revoking community supervision is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Hays v. State*, 933 S.W.2d 659, 660 (Tex. App.—San Antonio 1996, no pet.). To revoke community supervision, the State must prove by a preponderance of the evidence that the probationer violated at least one condition of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). "In a probation revocation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented." *Hays*, 933 S.W.2d at 660. In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the court's decision, deferring to the court's resolution of disputed facts and the reasonable inferences therefrom. *Id.*; *see Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008) (discussing deferential component of abuse of discretion standard). Once sufficient evidence is presented of a violation of a condition of community supervision, the trial court has broad discretion to either continue, modify, or revoke the community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 21, 22, 23 (Vernon Supp. 2009); *Hays*, 933 S.W.2d at 661.

In its brief, the State asserts that, without conceding error on the other alleged violations, the evidence is sufficient to prove by a preponderance of the evidence that McHenry violated Condition

No. 20 by failing to perform 500 hours of community service at the rate of twenty hours per month, and, alternatively, violated Condition No. 35 by failing to attend Narcotics Anonymous meetings twice per week.

As to the community service hours, McHenry's probation officer, Raul Gonzalez, testified at the June 2009 revocation hearing that as of April 2009, McHenry had completed only 339 hours of the required 500 hours of community service. He stated that under the terms of his community supervision McHenry was required to complete twenty hours per month, and if he had done so, he would have already completed the required 500 hours. Gonzalez noted that McHenry is self-employed and "has control of his own hours which would allow him time to be able to do community service hours," but he "was not on top of his hours" although he did complete some. McHenry testified that it was correct that he had completed 339 hours of community service, he had been doing the hours through his church, and he intended to complete the required 500 hours during the term of his community supervision. McHenry also conceded that the last documentation he had for community service hours was back in October 2008. McHenry explained that he had been struggling financially, and knew he was behind on his restitution payments, and was focused on getting his music business started; therefore, he had devoted most of his time to his business during the last year. The State proved by at least a preponderance of the evidence that McHenry had not completed twenty hours of community service per month, and had thus violated Condition No. 20.

As to McHenry's attendance at Narcotics Anonymous two times per week, Gonzalez testified that McHenry did provide verification of his attendance during the first year of his community supervision. However, McHenry stopped providing verification that he was attending or had completed the program, even though Gonzalez requested the verification on a monthly basis. There

is a verification log that registers attendance and is dated and signed by the counselor, but McHenry stopped bringing it to his monthly probation meetings. Gonzalez also stated that, unlike the After Hours program, McHenry did not have to be current on his payment of the program fees in order to obtain a completion certification for Narcotics Anonymous because there are no fees for the NA program. McHenry agreed there was no fee for the Narcotics Anonymous meetings and testified that he liked attending the meetings, stating, "I never stopped going. It was just sporadic. It wasn't like consistent, like all the time like they said." McHenry conceded that he was not attending NA as often as he was supposed to, but explained that he had more recent documentation at home showing he had attended more recently than May 2007. Again, McHenry explained that he was focused on getting his music business off the ground so that he could improve his financial situation. Given the evidence presented, the State proved by a preponderance of the evidence that McHenry failed to attend Narcotics Anonymous meetings twice per week as required by Condition No. 35.

Based on the evidence presented at the hearing, the trial court did not abuse its discretion in finding that McHenry violated Condition No. 20 by failing to perform 500 hours of community service at the rate of twenty hours per month, and violated Condition No. 35 by failing to attend Narcotics Anonymous meetings two times per week. Having found the evidence sufficient to support the trial court's findings that McHenry violated at least one condition of his community supervision, we cannot say the court abused its discretion in revoking his community supervision instead of continuing and/or modifying the community supervision. *See Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd) (noting that if the greater weight of credible

evidence creates a reasonable belief that a defendant violated a condition of his probation, the court's revocation is not an abuse of discretion).

Phylis J. Speedlin, Justice

DO NOT PUBLISH