



# MEMORANDUM OPINION

No. 04-09-00613-CR

Diedra Lyn **RICHTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-3843
The Honorable Mary Román, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:   June 23, 2010

AFFIRMED AS REFORMED

Diedra Lyn Richter appeals the revocation of her community supervision.  Richter contends that the trial court abused its discretion in revoking her community supervision because the evidence was insufficient to prove by a preponderance of the evidence that she violated a condition of her community supervision.  We reform the trial court's judgment to correct a clerical error, and affirm the judgment as reformed.

**BACKGROUND**

Richter was indicted for possession with intent to deliver a controlled substance. *See* TEX. HEALTH & SAFETY CODE §§ 481.112(c), 481.115(c) (Vernon Supp. 2009). On November 3, 2008, Richter pled no contest and was placed on 5 years' community supervision pursuant to a plea agreement. The court also assessed a $1,500 fine and court costs, and ordered outpatient treatment for drug addiction and 320 community service hours to be completed at the rate of 20 hours per month as conditions of Richter's community supervision.

The events leading up to the State's filing of a motion to revoke community supervision are summarized as follows. Around 10:00 p.m. on March 12, 2009, the San Antonio Police Department received a phone call asking for a welfare check at a luxury high-rise apartment complex on Jackson Keller Road. Officer Fernando DeHoyos responded to the call, and he met the caller, Sonia Soto, in the lobby of the complex. She told him that she had knocked on Richter's door, and she heard moaning beyond the door and an overpowering smell was coming from the room. DeHoyos accompanied Soto up to Richter's apartment, where he heard unintelligible moaning. Emergency Medical Services and the fire department arrived shortly thereafter, and after Richter failed to answer their knocking, they broke down the door. EMS found Richter on the floor in the entryway, with blisters covering her legs. Richter was then taken to the hospital by EMS, and DeHoyos remained behind to safeguard the apartment while the complex's maintenance staff attempted to locate a replacement door.

While DeHoyos stood guard, Soto attempted to enter the apartment, saying she wanted to "check on something." DeHoyos followed her into the apartment, where he then observed a large amount of U.S. currency in bags and scattered on the floor. He and Officer Perez, who had been on the scene earlier and had now been called back to assist, began to inventory the money

pursuant to instructions from their supervisor. During this process, Officer Perez observed what appeared to be narcotics in a plastic baggie on the living room table. The officers then called the Tactical Response Unit (TRU), who arrived to field test the substance. Detective Timothy Fuller of the TRU confirmed the substance was methamphetamine. He subsequently secured a search warrant for Richter's apartment. Upon execution of the search warrant, the officers found a total of $288,885 in cash, plus more narcotics and a handgun.

The same day, March 12, 2009, the State filed a motion to revoke Richter's community supervision, alleging violations of Condition No. 1 by possession of a controlled substance, and Condition No. 6C by possession of an illegal weapon. On June 22, 2009, the State amended its motion to also include violations of Condition No. 15A[1], requiring Richter to report for outpatient drug treatment, and Condition No. 20, requiring Richter to perform 320 community service hours. Richter filed a motion to suppress evidence, alleging that the contraband and handgun seized from her apartment was the result of an illegal search and seizure in violation of the 4th Amendment of the U.S. Constitution and article 1, section 9 of the Texas Constitution. After a hearing, the motion to suppress was denied. Richter pled "not true" to the alleged violations of her community supervision. At the conclusion of the revocation hearing, the trial court found that Richter violated all four conditions alleged by the State, and sentenced her to five years' imprisonment with credit for time served.

**STANDARD OF REVIEW**

Our review of a trial court's order revoking community supervision is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303,

---

[1] The State's motion to revoke, as well as the trial court's final judgment, erroneously reflects this condition as "16A." The substance of 15A of the original Terms and Conditions of community Supervision was properly set out in the State's First and Second Amended Motions to Revoke, but the condition was mistakenly labeled as 16A. Richter has not alleged harm due to this clerical error. Nevertheless, we will reform the judgment to reflect the correct number as "15A."

305 (Tex. Crim. App. 1983); *Hays v. State*, 933 S.W.2d 659, 660 (Tex. App.—San Antonio 1996, no pet.). To obtain a revocation of community supervision, the State must prove by a preponderance of the evidence that the probationer violated at least one condition of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). "In a probation revocation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented." *Hays*, 933 S.W.2d at 660. In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the court's decision, deferring to the court's resolution of disputed facts and the reasonable inferences therefrom. *Id.; see Cantu v. State,* 253 S.W.3d 273, 282 (Tex. Crim. App. 2008) (discussing deferential component of abuse of discretion standard). Proof of any one of the alleged violations is sufficient to support a revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Once sufficient evidence is presented of a violation of a condition of community supervision, the trial court has broad discretion to either continue, modify, or revoke the community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 21, 22, 23 (Vernon Supp. 2009); *Hays*, 933 S.W.2d at 661.

## DISCUSSION

On appeal, Richter challenges the sufficiency of the evidence for all four violations and contends that the trial court abused its discretion in denying her motion to suppress. We begin by addressing the sufficiency of the evidence to prove a violation of Conditions No. 15A and No. 20.

The State asserts that the evidence is sufficient to prove by a preponderance of the evidence that Richter violated Condition No. 15A by failing to report for her required drug counseling course. Richter asserts that the State has not met its burden because the evidence

shows that Richter was in custody at the time she was required to report for drug counseling and was thus physically unable to report.

At the revocation hearing, Richter's probation officer, John Balderas, testified that per condition "16,"[2] Richter was to report for outpatient drug treatment with the Center for Healthcare Services. He further testified that Richter failed to report for her intake appointment at the Center for Healthcare Services on March 24, 2009. There was confusion at the hearing as to whether or not Richter was in custody on March 24, 2009, and therefore unable to report for outpatient treatment on that date. Richter was arrested on March 12, 2009, and she claims that she was in custody subsequent to her arrest and as such physically unable to report for treatment on March 24. The trial court attempted to clarify this issue during the hearing, sending the courtroom deputy to retrieve information on Richter's arrest. The court records showed that Richter was not booked on the State's motion to revoke until April 3, 2009, and although there was some discussion between the attorneys, there was no evidence presented as to where she was between March 12 and April 3. We must defer to the court's determination of disputed facts and reasonable inferences that are supported by the record. *See Hays*, 933 S.W.2d at 660. Given Balderas's testimony that Richter failed to report for treatment on March 24, and the court records showing she was booked on the motion to revoke on April 3, we cannot say that the trial court abused its discretion in finding that Richter violated condition 15A of her community supervision.

The State also asserts that the evidence is sufficient to prove Richter violated Condition No. 20 by failing to perform the required 320 hours of community service at the rate of 20 hours per month. Richter contends that the evidence shows that she could not complete her required community service hours because she had not been placed in a proper service program by the

---

[2] *See* discussion *supra* note 1.

court or her probation officer. Although the State's motion to revoke alleges that Richter violated Condition No. 20 because she "failed to complete 320 hours of Community Service Restitution," it was determined at the hearing that Richter was required to have completed only 80 hours of community service by that date. Richter was required to complete 20 hours of service per month, and at the time of the revocation hearing, it had only been four months since she began her probation in November 2008. Balderas testified that Richter did not report for any of her community service hours and did not complete any community service hours at all. Richter did not present any evidence of efforts on her part to clarify the community service requirements, to comply with the requirements, or to inform her probation officer that she was unable to complete the hours for any reason. Viewing the evidence in a light most favorable to the trial court's decision, we cannot say that the trial court abused its discretion in finding the State proved by a preponderance of the evidence that Richter violated Condition No. 20.

Because we conclude the trial court did not abuse its discretion in finding that Richter violated Condition No. 15A by failing to report for outpatient treatment, and violated Condition No. 20 by failing to complete any of her required community service hours, we need not address Richter's contention that the trial court abused its discretion in denying her motion to suppress the evidence of possession of drugs and a handgun. *See Moses*, 590 S.W.2d at 470 (stating that proof of any one of the alleged violations is sufficient to support revocation); *see also Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd) (noting that if the greater weight of credible evidence creates a reasonable belief that a defendant violated a condition of his probation, the court's revocation is not an abuse of discretion). Accordingly, we affirm the trial court's judgment. We reform the judgment, however, to correct a clerical error and to

correctly reflect that the condition of community supervision requiring Richter to report for outpatient drug treatment is Condition No. 15A.


Phylis J. Speedlin, Justice

DO NOT PUBLISH