**Opinion filed September 24, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00365-CR

_____

## BRANDI MARIE SPIVEY, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR22492**

### M E M O R A N D U M   O P I N I O N

Brandi Marie Spivey pleaded guilty to burglary of a building. TEX. PENAL CODE ANN. § 30.02(a) (West 2011). The trial court deferred adjudication of her guilt and placed her on community supervision for five years. Subsequently, the State moved to adjudicate her guilt and asserted that she had violated the conditions of her community supervision. At the hearing on the motion to adjudicate, Appellant pleaded "true" to all but one of the alleged violations. After the hearing, the trial court found that Appellant had violated the conditions of her community supervision and revoked her community supervision. The trial court then adjudicated her guilty

of burglary of a building, assessed punishment at confinement for two years in a state jail facility, and sentenced her accordingly. Appellant asserts one issue on appeal. We affirm.

I. *Evidence at Revocation Hearing*

Appellant's community supervision included, in relevant part, prohibitions against the following: (1) the use of alcohol or narcotics; (2) changing her residence without permission; and (3) leaving Brown County without permission. By the conditions of her community supervision, Appellant was required to (1) report each month to the community supervision officer, (2) pay the various fines and fees assessed against her, and (3) work at suitable employment. After the trial court placed Appellant on community supervision, she self-reported methamphetamine use to Melissa Hardy, her community supervision officer. Afterward, Appellant agreed in writing to modified conditions of her community supervision and agreed to submit herself to the sheriff of Brown County for transportation to a Substance Abuse Felony Punishment Facility (SAFPF) to participate in a drug-abuse treatment plan. Appellant failed to surrender to the sheriff for transport to an SAFPF. Later, she told her community supervision officer that she would "rather go to State Jail and be off probation."

The State moved to adjudicate Appellant guilty and alleged that she had violated the conditions of her community supervision. Specifically, the State alleged that Appellant (1) consumed alcohol, (2) used methamphetamine on four separate occasions, (3) failed to work faithfully at suitable employment, (4) failed to perform community service restitution, (5) failed to submit to an SAFPF, and (6) failed to pay various fines and fees. The State subsequently amended its motion twice and added further allegations that Appellant (1) used methamphetamine on three additional occasions, (2) did not report to the community supervision officer for four

months, (3) changed her place of residence without permission, and (4) left Brown County without permission.

Appellant pleaded true to each allegation against her except for the allegation that she had failed to work faithfully at suitable employment. Appellant testified that she had attempted to find suitable employment but was unable to do so because of her criminal history. Appellant admitted that, during her period of community supervision, she had used methamphetamine, had failed to submit to an SAFPF, had failed to report to her community supervision officer, and had moved to New Mexico without permission. Hardy corroborated Appellant's testimony.

## II. *Issue Presented*

Appellant asserts on appeal that the trial court abused its discretion when it found she had violated her community supervision and revoked it, then adjudicated her guilty, and sentenced her to confinement for two years.

## III. *Standard of Review*

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must show by a preponderance of the evidence that the defendant committed a violation of the conditions of her community supervision. *Id.* at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion if it revokes the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

## IV. *Analysis*

When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim App. [Panel Op.] 1980); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd).

Furthermore, a plea of true alone is sufficient to support a trial court's determination to revoke community supervision. *Lockett v. State*, No. 11-10-00085-CR, 2012 WL 2989104, at *2 (Tex. App.—Eastland July 19, 2012, pet. ref'd) (citing *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.)). When a defendant enters a plea of "true," she may not challenge the sufficiency of the evidence to support the revocation. *Id.*

Appellant pleaded "not true" to one of the State's allegations: her failure to work faithfully at suitable employment. Even if we assume, without deciding, that the State did not prove this allegation, which we do not hold, Appellant pleaded "true" to eighteen other violations. The trial court could have relied on any one or more of those pleas of "true" when it revoked Appellant's community supervision. Because Appellant pleaded "true" to eighteen violations, we cannot say that the trial court abused its discretion when it revoked her community supervision. *See Sanchez*, 603 S.W.2d at 871. We overrule Appellant's sole issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

September 24, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4