

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-18-00750-CR

Allison Michelle **JACOBS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 544462
Honorable Wayne A. Christian, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Concurring Opinion by: Patricia O. Alvarez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: June 12, 2019

REVERSED AND REMANDED

Allison Jacobs appeals a judgment revoking her community supervision. Jacobs argues the trial court abused its discretion when it found alleged violations of the terms of Jacobs's community supervision to be "true" because: (1) the evidence is legally insufficient to support the judgment; and (2) Jacobs was denied due process when she was not allowed to call witnesses in her defense. In a case that presents review of an unsuitable practice by a county court at law judge in Bexar County, the State concedes error.

**BACKGROUND**

On August 8, 2018, Jacobs pled no contest to the offense of driving while intoxicated and was sentenced to fourteen months of community supervision. On September 13, 2018, the State filed a motion to revoke Jacobs's community supervision, and later amended the motion to add a third violation of a condition of probation. A hearing was scheduled on the State's amended motion for October 1, 2018, before Judge Wayne Christian in County Court at Law No. 6. Judge Christian called Jacobs and her attorney up to the bench, along with Susan Gross, the Chief Liaison Officer ("CLO"), a representative of the probation department. The State admits, "[a]s is customary in Judge Christian's court, no representative of the State came to the bench." According to both Jacobs and the State, it is the customary practice of Judge Christian to consider and determine the merits of a motion to revoke without the presence of the State or the proper admission of evidence. Here, the State was not present at the "hearing" and was offered no opportunity to present evidence supporting its motion to revoke. From the bench, the judge asked how Jacobs pled to the allegations in the motion to revoke, to which Jacobs's attorney responded, "not true." The judge then asked the CLO for an update on Jacobs. The CLO told the court Jacobs was nearing the end of her probation period and had substantially complied with the terms of her community supervision but failed three drug tests. The CLO was not a sworn witness and offered nothing into evidence. Jacobs's counsel was not permitted to cross examine the CLO and was denied a request to present evidence contesting the alleged drug test results. Jacobs's attorney advised the trial court she wanted to present evidence that Jacobs was taking a diet pill that had been shown to cause false positives. The CLO then stated one of the tests was confirmed as being positive for methamphetamines, and the trial court immediately granted the State's motion to revoke. Jacobs's counsel asked the trial court for a contested hearing, and the trial court responded: "It's a little late for the contested hearing." Over repeated objections from defense counsel, the

trial judge found all allegations "true," revoked Jacobs's probation, and sentenced her to one year in jail. Jacob's motion for new trial[1] was summarily denied without a hearing.

DISCUSSION

*Standards of Review*

We review the trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). The trial court is vested with discretion to decide whether a defendant will continue community supervision, or have it revoked. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). However, the trial court does not have absolute discretion in the decision to revoke community supervision. *Id.* Once a defendant is on community supervision, it should not be arbitrarily withdrawn by the court, and the court is not authorized to revoke without a showing that the defendant violated a condition of the community supervision imposed by the court. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

When evaluating a legal sufficiency challenge, we view the evidence in the light most favorable to the factfinder to determine whether it could make the findings that were returned. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). A preponderance of the evidence is the evidentiary standard in a motion to revoke hearing. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). "Preponderance of the evidence means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition' of his [or her] community supervision." *Carreon v. State*, 548 S.W.3d 71, 77 (Tex.

---

[1] The State agrees with Jacobs that the record does not accurately reflect defense counsel's objections because of the trial judge's interruptions and that she was entitled to a hearing on her motion for new trial to properly develop an appellate record.

App.—Corpus Christi 2018, no pet.) (citing *Rickels*, 202 S.W.3d at 763–64). "When the State has failed to meet its burden of proof, the trial [court] abuses [its] discretion in issuing an order to revoke [community supervision]." *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

The central issue to be determined in reviewing the trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process. *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015). "[T]he minimum requirements of due process which must be observed in community supervision revocation hearings [are]: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him [or her]; (3) opportunity to be heard in person and to present witnesses and evidence, and the right to confront and cross-examine adverse witnesses; (4) a neutral and detached hearing body; and (5) a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation." *Id.* at 41–42 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)).

*Application*

Again, the State concedes that Jacobs was denied due process and that no evidence supports revocation. Jacobs pled "not true," which cannot be used to support the trial court's finding. *Cf. Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.) ("When a plea of true is made, the sufficiency of the evidence may not be challenged."). A trial judge who orders revocation of probation without affording either the State or the defendant an opportunity to be heard fails to act under the guidance of any law or principle. Although the trial judge is the sole judge of the credibility of witnesses and the weight to be given to their testimony, the judge is not authorized to revoke probation without evidence from the State and without affording the accused an opportunity to be heard. As the State and Jacobs jointly argue, the trial court abused its discretion both by failing to permit the State to satisfy its burden and by refusing to afford Jacobs

the minimum requirements of due process. Here, the trial judge committed legal error by ignoring the law and ruling without guiding principles, adversely affecting the interests of the public generally, along with the fundamental constitutional and procedural rights of the accused.

The State further concedes that Jacobs was denied the opportunity to be heard in person and to present and confront witnesses or to present other evidence. Jacobs expressed a desire to have her mother testify regarding Jacobs's normal behavior while she was allegedly using drugs. Jacobs also was denied the opportunity to confront and cross-examine adverse witnesses when she was not allowed to test the CLO's credibility or basis of knowledge or contest the accuracy of the drug tests averred to. Jacobs's attorney tried to inform the judge that she pled "not true" to the allegations, that she was asking for a contested hearing, and that the State had not submitted evidence. Jacobs's attorney again attempted to inform the judge the evidence was "not adequate" to support the judgment, but the judge cut her off and replied, "this is done." By finding the allegations true and revoking Jacobs's probation without hearing any actual evidence, the trial court deprived Jacobs of the minimum requirements of due process, including her right to disclosure of the evidence against her, an opportunity to be heard, present evidence and cross-examine witnesses, and "a neutral and detached hearing body." *See Tapia*, 462 S.W.3d at 41–42 (citing *Gagnon*, 411 U.S. at 786).

The record reflects that Jacobs was originally convicted of misdemeanor DWI; thus, she was entitled to be released on reasonable bail pending appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(a) ("Pending the determination of any motion for new trial or the appeal from any misdemeanor conviction, the defendant is entitled to be released on reasonable bail."). After Jacobs filed a notice of appeal, the trial judge denied bail. Jacobs claims the trial judge thwarted her efforts to obtain reasonable bail pending appeal, requiring her twice to seek habeas relief. We need not address this complaint. While our review is limited to the error committed by the trial

judge, we recognize "[a]n individual defendant's vindication of personal rights does not necessarily protect the public from a judge who repeatedly and grossly abuses his judicial power." Cynthia Gray, *The Line Between Legal Error and Judicial Misconduct: Balancing Judicial Indep. and Accountability*, 32 HOFSTRA L. REV. 1245, 1248 (2004) (quoting *People ex rel. Harrod v. Ill. Courts Comm'n*, 372 N.E.2d 53, 65 (Ill. 1977)). On appeal, both Jacobs and the State seek to protect the integrity of the judiciary and the administration of justice by addressing a clear violation of a defendant's right to due process. However intended, whether in pursuit of efficiency or expediency, the trial judge abused his discretion in acting arbitrarily as a surrogate for the State and an impediment to Jacobs's due process by refusing to conduct a contested hearing on the State's motion to revoke.

> The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts[—]as well as the prosecution's[—]to the [fact finder] so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he [or she] has the right to present his [or her] own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Black v. Romano*, 471 U.S. 606, 611–12 (1985) (holding fundamental elements of due process also apply to revocation hearings where the trial judge is the fact finder).

We recognize that trial judges have broad discretion in how they conduct business in their courtroom and control their docket. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). However, a trial judge's exercise of discretion is not unfettered and does not provide the judge with a license to violate a defendant's constitutional right to due process. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) (citing *Black v. Romano*, 471 U.S. 606, 610 (1985)) (holding "no State may deprive any person of the conditional liberty created by probation unless the State employs procedures that are fundamentally fair."); *see also In re Hammermaster*,

985 P.2d 924, 936 (Wash. 1999) ("Judicial independence does not equate to unbridled discretion to bully and threaten, to disregard the requirements of the law, or to ignore the constitutional rights of defendants."). It is incumbent on a trial judge to maintain the honor and dignity of the judiciary; uphold the administration of justice for the benefit of the citizens of Texas; and preserve the public's confidence in the judicial system. *See In re Slaughter*, 480 S.W.3d 842, 844–45 (Tex. Spec. Ct. Rev. 2015) (per curiam); *In re Davis*, 82 S.W.3d 140, 150 (Tex. Spec. Ct. Rev. 2002).

## CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Rebeca C. Martinez, Justice

PUBLISH