COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DAMION BRYC PEREZ, | § | No. 08-23-00314-CR |
| Appellant, | § | Appeal from |
| v. | § | 379th Judicial District Court of |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2022CR7049) |

## MEMORANDUM OPINION

Appellant Damion Bryc Perez pled no contest to first-degree felony possession of a controlled substance with intent to deliver four to 200 grams of methamphetamine and was placed on deferred adjudication until the trial court revoked his community supervision and adjudicated his guilt. On appeal, Perez claims his plea of true at the revocation hearing was involuntary, his punishment violates the Eighth Amendment, and the trial court abused its discretion by sentencing him to 15 years in prison. For the following reasons, we affirm.

## BACKGROUND

Perez was charged with possession of four to 200 grams of methamphetamine, a penalty group one controlled substance, with intent to deliver, in January 2022 following his arrest in Bexar

County.[1] Tex. Health & Safety Code Ann. § 481.112(d). He later pled no contest to the offense and true to the repeat offender enhancement allegation (of the felony of possession of a controlled substance PG 1 four to 200 grams). Pursuant to a plea bargain, the court adopted the prosecutor's recommendation of five years on community supervision, limiting Perez's appeal rights, and placed him on community supervision in January 2023. Among other things, the terms of Perez's community supervision required him to report to probation each month and submit to drug tests, abstain from committing legal offenses, and abstain from the illegal use of controlled substances.

In May 2023, the State filed a motion to adjudicate Perez's guilt and revoke his community supervision, alleging Perez violated his probation terms by failing to report to his supervision officer in February, March, and April 2023. In June 2023, the State filed an amended motion to include Perez's recent arrest for, among other things, possession of a controlled substance.

The trial court held a revocation hearing, at which Perez pled true to failing to report to his probation officer for three consecutive months, and the court determined the State established Perez violated his probation terms.[2] The trial court revoked Perez's community supervision, adjudicated him guilty, and assessed punishment at 15 years' confinement. Perez appealed, contending: (1) his plea of true at the revocation hearing was not voluntary; (2) his sentence violates the Eighth Amendment; and (3) the trial court abused its discretion in sentencing him to 15 years in prison, in light of his addiction.

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] At the hearing, the State waived as a ground for revocation—and Perez did not plead true to—his new criminal charges listed in the State's amended motion for revocation. Thus, the trial court revoked Perez's community supervision solely on his failure to report to probation.

## DISCUSSION

### A.  Perez has not established his plea was involuntary.

First, Perez asserts that his plea of true at the revocation hearing was involuntary "because the discussions regarding a plea agreement between the parties and the court may have le[d him] to believe that a plea bargain might be reached." He also cites the complaints he raised at the revocation hearing about his appointed attorney, Kenton Longaker, and his issues with responsiveness. We construe Perez's argument on appeal to be that because he was denied effective assistance of counsel, he did not voluntarily plead true to violating a condition of his community supervision.[3]

A defendant has the right to counsel at a probation-revocation hearing. Tex. Code Crim. Pro. Ann. art. 42A.751(k); *see Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012). The Sixth Amendment guarantees a defendant the right to effective assistance of counsel in defending against criminal prosecutions. U.S. Const. amend. VI.

Sixth Amendment claims for ineffective assistance of counsel are reviewed under the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, a defendant must show: (1) counsel's performance was deficient; and (2) a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (en banc). The defendant must prove both *Strickland*

---

[3] Because Perez did not complain to the trial court that his plea of true was involuntary (either at the revocation hearing or in a motion for new trial), he did not otherwise preserve this issue. Tex. R. App. P. 33.1(a); *see Mendez v. State*, 138 S.W.3d 334, 338– (Tex. Crim. App. 2004) (noting that issues related to voluntariness of a plea are subject to waiver by failure to comply with Rule 33.1's preservation requirements); *Adair v. State*, No. 13-11-00606-CR, 2012 WL 3525649, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 16, 2012, no pet.) (mem. op., not designated for publication) (concluding appellant failed to preserve challenge to voluntariness of pleas of true to allegations in State's motion to revoke community supervision).

prongs by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Counsel's performance is deficient only if it falls below an objective standard of reasonableness. *Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021) (citing *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and constituted sound trial strategy. *Id.* at 586 (quoting *Thompson*, 9 S.W.3d at 813). To overcome that presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)); *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). And to demonstrate prejudice, "a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Wallace v. Lumpkin*, No. W-20-CV-918-ADA, 2021 WL 4749507, at *4 (W.D. Tex. Oct. 12, 2021) (quoting *Strickland*, 466 U.S. at 694) (applying Texas law).

Perez claims his counsel at the probation-revocation hearing provided ineffective assistance because he did not make clear to Perez that the full statutory range of punishment would apply and no plea agreement regarding his sentence would be binding on the trial court. However, the record establishes otherwise. Before the trial court accepted Perez's plea of true to violating his probation conditions, Longaker stated:

> Judge, it's our understanding that given Mr. Perez'[s] history, he's been enhanced to first-degree exposure. My understanding is the punishment range is a minimum of 15 to 99 years in prison. I've explained this thoroughly to him. I've explained to him that if the judge doesn't grant his request for a new attorney and proceeds with this MTR hearing today, the minimum he can be sentenced to is 15 years in prison. And he said he understood that.

Further, at the plea hearing when Perez first entered his no contest plea, the trial court admonished him as follows:

> THE COURT: You're applying for deferred adjudication. If you're granted the application, you'll be placed on community supervision without a finding of guilt. If you successfully complete it, you will not have a conviction for this case. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: However, if you violate any term of your supervision, you expose yourself to the possibility of a future hearing, a future finding of guilt, up to the maximum punishment as it relates to the term of incarceration and the fine, without a right of appeal. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you still want to apply for deferred adjudication?
>
> THE DEFENDANT: Yes, sir.

Perez also signed an acknowledgment detailing the statutory range of punishment in this case when he pled no contest to the charge. These admonishments stated that if Perez violated a term of his community supervision, the trial court could adjudicate Perez's guilt and "assess the full range of punishment." So even if, as Perez argues, Longaker's purported failure to ensure he understood the consequences of pleading true to violating his community supervision terms constitutes ineffective assistance, the record clarifies Perez was in fact admonished of those consequences multiple times. Perez has not proved by a preponderance of the evidence that Longaker's conduct fell outside the range of reasonableness as to be considered deficient on these grounds. *See Johnson*, 624 S.W.3d at 585.

Perez also suggests that Longaker provided ineffective assistance by not being sufficiently prompt or responsive, noting that he expressed these concerns at the revocation hearing and requested a new attorney. At the hearing, Perez specifically argued that he should be appointed a new attorney because it took a week for his parents to reach Longaker regarding his bond, there

5

was a delay recording the bond, Longaker had not returned phone calls, and he had met with Longaker just once. Even accepting Perez's allegations as true and assuming without deciding that these actions fell below an objective standard of reasonableness, Perez makes no attempt to establish that he was prejudiced by these alleged errors as *Strickland*'s second prong requires. Perez's failure to establish prejudice defeats his claim for ineffective assistance based on Longaker's allegedly deficient responsiveness. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc).

Issue One is overruled.

**B.  Perez failed to preserve his Eighth Amendment challenge.**

Next, Perez contests the trial court's decision to sentence him to 15 years in prison, challenging the sentence as "disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution." He emphasizes that his community supervision was not revoked because he "posed any danger to the community" and argues revocation based on his failure to report to his probation officer is "grossly out of proportion to the severity of the crime."

Generally, to preserve an Eighth Amendment complaint, the defendant must raise the issue at the trial court level by objecting at the punishment hearing, objecting when the sentence is pronounced, or raising the issue in a motion for new trial. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). But neither Perez nor his counsel objected to the sentence at the revocation hearing, and Perez did not move for a new trial. Thus, Perez has not preserved this complaint on appeal. Tex. R. App. 33.1(a).

Even assuming Perez had preserved this issue, however, a trial court may impose punishment within the relevant statutory range once it revokes community supervision. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (en banc) (per curiam). Given

6

the circumstances, including the repeat offender enhancement, we cannot say that the trial court's assessment of 15 years' imprisonment for possession of four to 200 grams of a penalty group one controlled substance with intent to deliver violated the Eighth Amendment; 15 years was the minimum punishment within the statutory range. Tex. Health & Safety Code Ann. § 481.112(d); Tex. Penal Code Ann. § 12.32(a).

Issue Two is overruled.

**C. Sufficient evidence supports the trial court's revocation of community supervision.**

Finally, Perez argues the trial court abused its discretion in sentencing him because he would have benefitted more from treatment for his addiction issues than from 15 years of incarceration. We construe Perez's argument on appeal as challenging the sufficiency of the evidence supporting the trial court's decision to proceed to an adjudication of guilt and revoke his community supervision.

We review a trial court's decision to proceed to an adjudication of guilt and revoke deferred-adjudication community supervision for abuse of discretion considering the State's burden of proof. *Pena v. State*, 508 S.W.3d 599, 604 (Tex. App.—El Paso 2016, pet. ref'd). The State must prove a violation of a condition of community supervision by a preponderance of the evidence. *Id.* That is, the State must show the "greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his community supervision." *Id.* (cleaned up). A court abuses its discretion by revoking community supervision for an inappropriate reason (e.g., a valid invocation of Fifth Amendment privilege) or if the State fails to meet its burden of proof. *Id.* But a defendant's plea of true to an allegation that he has violated a condition of his community supervision is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Martinez v.*

*State*, 2015 WL 8986704, at *1 (Tex. App.—San Antonio 2015) (recognizing the same except "when the sole basis for revoking community supervision is a defendant's failure to pay fines and restitution[,]" in which case, an evidentiary hearing must be conducted) *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.) (recognizing "appellant's plea may certainly be considered as evidence to support the revocation of his probation" when nothing in the record indicated that his plea was conditional, nor did appellant complain it was improvident). We must review the evidence presented at a revocation hearing in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

At Perez's revocation hearing, he told the judge, "I don't sell drugs. I am a drug addict, and I need help." Perez then explained his complaints about his counsel described above. Then, after entering a plea of true to violating one of his conditions of community supervision, the judge explained that Perez could be sent to prison on that basis alone:

> THE COURT: If you plead true to the allegation you violated Condition Number 4 as alleged, what could result, the Court could find the motion is, in fact, true, could grant it, find you guilty of the underlying offense, and subsequently assess the full range of punishment. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you still want to plead true to that allegation as alleged?
>
> THE DEFENDANT: Yes, sir.

Although Perez did tell the court that he is a drug addict and needs help, Perez's community supervision condition violation was supported by his plea of true, notwithstanding the fact that he attempted to offer mitigating circumstances. *Hays*, 933 S.W.2d at 660–61; *see also Simmang v. State*, No. 04-09-00563-CR, 2010 WL 2298839, at *2 (Tex. App.—San Antonio June 9, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding appellant's violation of community supervision was supported by plea of true despite his attempt to offer mitigating circumstances);

*McClain v. State*, No. 04-05-00941-CR, 2006 WL 1539638, at *1 (Tex. App.—San Antonio June 7, 2006, no pet.) (mem. op., not designated for publication) (same). Given Perez's plea of true, the trial court did not abuse its discretion in proceeding to an adjudication of his guilt and revoking his community supervision.

Issue Three is overruled.

## CONCLUSION

We affirm the trial court's judgment.

We note that the trial court certified Perez's right to appeal in this case, but Perez did not sign the certification indicating that he was informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 25.2(d). The certification is defective and has not been corrected by Perez's attorney or the trial court. To remedy this defect, this Court ORDERS Perez's attorney, pursuant to Texas Rule of Appellate Procedure 48.4, to send Perez a copy of this opinion and this Court's judgment, to notify Perez of his right to file a pro se petition for discretionary review, and to inform Perez of the applicable deadlines. *See id.* RR. 48.4, 68.1–.11. Perez's attorney is further ORDERED to comply with all the requirements of Texas Rule of Appellate Procedure 48.4.


LISA J. SOTO, Justice

June 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

9