**Opinion filed June 9, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00352-CR

_____

## ELIJAH DeQUINCY JOSEPH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR30056**

## MEMORANDUM OPINION

Elijah DeQuincy Joseph appeals the judgment of the trial court revoking his community supervision. We affirm.

The trial court originally convicted appellant of a second degree felony offense of robbery and assessed his punishment at ten years confinement and a $1,400 fine. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2011). However, the trial court suspended the imposition of the sentence and placed appellant on community supervision for a period of ten years. The State

filed a motion to revoke appellant's community supervision. At the hearing on the motion to revoke, appellant entered pleas of true to three of the allegations that he had violated the terms and conditions of his community supervision. The trial court found those three allegations and an additional allegation to be true, revoked appellant's community supervision, and imposed a sentence of confinement for seven years and payment of the unpaid balance of the previously assessed fine.

Appellant presents two issues for review. In his first issue, he contends that the trial court violated his constitutional rights by revoking his community supervision. In his second issue, he contends that the trial court improperly rendered his punishment and imposed an excessive sentence.

We review a trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that a condition of community supervision has been violated. *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of one violation is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). A plea of true alone is sufficient to support the trial court's determination to revoke. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). When a plea of true is made, the sufficiency of the evidence to support the revocation may not be challenged. *Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661.

Appellant pleaded true to three allegations that he had violated the terms and conditions of his community supervision. His "true" pleas were sufficient to support the trial court's revocation of his community supervision. *Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661. Appellant has failed to establish that the trial court abused its discretion or violated his constitutional rights by revoking his community supervision. Appellant's first issue is overruled.

In his second issue, appellant argues that his punishment was improperly rendered and excessive. Appellant did not object to the sentence in the trial court. That failure to object to the

alleged excessive sentence waived any error. *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Additionally, we note that the trial court assessed punishment within the range authorized by the legislature for a second degree felony. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2011). Generally, a penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Flores v. State*, 936 S.W.2d 478, 478-79 (Tex. App.—Eastland 1996, pet. ref'd). Appellant's second issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

June 9, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.