Opinion filed June 9, 2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00352-CR 

                                                    __________

 

                            ELIJAH
DeQUINCY JOSEPH, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR30056

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Elijah
DeQuincy Joseph appeals the judgment of the trial court revoking his community
supervision.  We affirm.

            The
trial court originally convicted appellant of a second degree felony offense of
robbery and assessed his punishment at ten years confinement and a $1,400
fine.  See Tex. Penal Code Ann.
§ 29.02 (Vernon 2011).  However, the trial court suspended the imposition of
the sentence and placed appellant on community supervision for a period of ten
years.  The State filed a motion to revoke appellant’s community supervision. 
At the hearing on the motion to revoke, appellant entered pleas of true to
three of the allegations that he had violated the terms and conditions of his
community supervision.  The trial court found those three allegations and an
additional allegation to be true, revoked appellant’s community supervision,
and imposed a sentence of confinement for seven years and payment of the unpaid
balance of the previously assessed fine.

            Appellant
presents two issues for review.  In his first issue, he contends that the trial
court violated his constitutional rights by revoking his community supervision.
 In his second issue, he contends that the trial court improperly rendered his
punishment and imposed an excessive sentence.

            We
review a trial court’s judgment revoking community supervision under an abuse
of discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984).  At a revocation hearing, the State bears the burden of proving by a
preponderance of the evidence that a condition of community supervision has
been violated.  Rickels, 202 S.W.3d at 763-64; Cobb v. State, 851
S.W.2d 871, 874 (Tex. Crim. App. 1993).  Proof of one violation is sufficient
to support a revocation.  McDonald v. State, 608 S.W.2d 192, 200 (Tex.
Crim. App. 1980); Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App.
1980); Leach v. State, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005,
pet. ref’d).  A plea of true alone is sufficient to support the trial court’s
determination to revoke.  Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. 1979); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979); Hays v. State, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996,
no pet.).  When a plea of true is made, the sufficiency of the evidence to
support the revocation may not be challenged.  Cole, 578 S.W.2d at 128; Hays,
933 S.W.2d at 661.

            Appellant
pleaded true to three allegations that he had violated the terms and conditions
of his community supervision.  His “true” pleas were sufficient to support the
trial court’s revocation of his community supervision.  Moses, 590
S.W.2d at 470; Cole, 578 S.W.2d at 128; Hays, 933 S.W.2d at 661. 
Appellant has failed to establish that the trial court abused its discretion or
violated his constitutional rights by revoking his community supervision.  Appellant’s
first issue is overruled.

            In
his second issue, appellant argues that his punishment was improperly rendered
and excessive.  Appellant did not object to the sentence in the trial court. 
That failure to object to the alleged excessive sentence waived any error.  Wynn
v. State, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d).  Additionally, we note that the trial court assessed punishment within
the range authorized by the legislature for a second degree felony.  See
Tex. Penal Code Ann. § 12.33
(Vernon 2011).  Generally, a penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal.  Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Flores v. State,
936 S.W.2d 478, 478-79 (Tex. App.—Eastland 1996, pet. ref’d).  Appellant’s
second issue is overruled.

            The
judgment of the trial court is affirmed.

 

                                                                              

                                                                                                PER
CURIAM

                                         

June 9, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.