**Opinion filed March 12, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00103-CR

_____

## LETICIA GONZALES VENEGAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-37,032**

## M E M O R A N D U M   O P I N I O N

Leticia Gonzales Venegas pleaded guilty in May 2012 to possession of cocaine with intent to deliver. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a term of seven years. In July 2012, the State filed a motion to proceed with an adjudication of guilt, alleging three violations of the terms and conditions of community supervision. The State subsequently filed an amended motion to proceed, alleging four

violations of the terms and conditions of community supervision. The trial court heard the motion to proceed on February 21, 2013. Appellant pleaded "true" to three of the alleged violations and "not true" to the remaining alleged violation asserting that Appellant subsequently committed the offense of possession of a controlled substance.[1] Upon receiving evidence, the trial court adjudicated Appellant guilty of the charged offense and assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years and a fine of $1,000. The trial court did not make an express finding on the record of the alleged violations that it found to be true. The trial court also did not subsequently make findings regarding the alleged violations that it found to be true after Appellant filed a written request for findings of fact and conclusions of law. However, the trial court stated in its Judgment Adjudicating Guilt:

> Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:
>
> PARAGRAPH 1 – RULE A
> PARAGRAPH 2 – RULE A
> PARAGRAPH 3 – RULE B
> PARAGRAPH 4 – RULE K

Appellant challenges the judgment adjudicating guilt in two issues. In her first issue, she asserts that the trial court erred in failing to make findings of fact on the alleged violations that it found to be true. In her second issue, she challenges the sufficiency of the evidence supporting the revocation of her deferred adjudication community supervision. We affirm.

---

[1]The reporter's record states that Appellant pleaded "[n]ow true" [sic] to the allegation that Appellant had subsequently committed the offense of possession of a controlled substance. However, the trial court expressly accepted Appellant's plea as being "not true."

*Analysis*

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). This determination is reviewable in the same manner used to determine whether sufficient evidence supports the trial court's decision to revoke community supervision. *Id.*; *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Antwine*, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)) (internal quotation mark omitted).

*Findings of Fact and Conclusions of Law*

In her first issue, Appellant asserts that the trial court violated her due process rights by failing to enter separate findings of fact and conclusions of law after she filed a request for same. Due process in the revocation context requires a hearing, written notice of the claimed violations, disclosure of the evidence against the defendant, an opportunity to be heard and to present witnesses and documentary evidence, a neutral hearing body, and "a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). When the trial court revokes a defendant's community supervision, due process requires specific written findings of fact if a

defendant requests findings of fact be made. *See Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977); *Joseph v. State*, 3 S.W.3d 627, 639 (Tex. App.—Houston [14th Dist.] 1999, no pet.). However, the trial court is not required to issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the court. *See Joseph*, 3 S.W.3d at 640; *see also Reasor v. State*, 281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref'd).

The trial court expressly stated in its judgment that it was revoking Appellant's community supervision based upon its determination that Appellant violated Rules (a), (b), and (k) as alleged in the State's amended motion to adjudicate. Thus, in its judgment, the trial court disclosed the grounds for revocation. Accordingly, the trial court was not required to issue separate findings. *Reasor*, 281 S.W.3d at 136; *Joseph*, 3 S.W.3d at 640. Appellant's first issue is overruled.

*Sufficiency of the Evidence*

In her second issue, Appellant challenges the sufficiency of the evidence to show that she violated the terms of her community supervision. Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing the sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the

testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174.

We first note that Appellant pleaded "true" to three of the violations alleged by the State. A plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *see also Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that proof of a single violation will support revocation of community supervision). When a plea of true is made, the sufficiency of the evidence to support the revocation may not be challenged. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). Accordingly, Appellant's "true" pleas were sufficient to support the trial court's revocation of her community supervision and adjudication of guilt. *See Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661.

Additionally, the State offered evidence in support of the alleged violation that Appellant contested. Odessa Police Officer Chris Primeux testified that he stopped Appellant's vehicle on July 10, 2012, for running a red light. He arrested Appellant for driving while intoxicated and possession of methamphetamine. He testified that Appellant was the sole occupant of the car and that the methamphetamine was found inside a purse that was located in the passenger seat next to Appellant. He further testified that Appellant looked through the purse when he asked her for her driver's license.

The record contains evidence supporting the trial court's determination that Appellant violated Rules (a), (b), and (k) of the terms and conditions of her community supervision as alleged by the State and as found by the trial court in its judgment adjudicating guilt. Accordingly, the trial court did not abuse its discretion

in finding the alleged violations to be true and proceeding with an adjudication of guilt.  Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


March 12, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.