ACCEPTED
12-15-00144-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/13/2015 11:53:30 AM
CATHY LUSK
CLERK

## No. 12-15-00144-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/13/2015 11:53:30 AM
CATHY S. LUSK
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

## GREGORY CARL ROLLING, JR.

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-1172-14

## ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Norman Ladd
235 S. Broadway Ave.
Suite 200
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ....................................................................ii

TABLE OF CONTENTS.............................................................................................iii

INDEX OF AUTHORITIES ........................................................................................iv

STATEMENT OF THE CASE.......................................................................................2

ISSUE PRESENTED.....................................................................................................2

STATEMENT OF FACTS ............................................................................................2

PROFESSIONAL EVALUATION OF THE RECORD ................................................3

SUMMARY OF THE ARGUMENT ............................................................................3

ARGUMENT ................................................................................................................4

**I.  THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APELLANT'S COMMUNITY SUPERVISION** ..................4

Standard of Review......................................................................................................4

A.  There was Legally Sufficient Evidence to Support the Revocation ...................5

    1.  The Plea .........................................................................................................6

    2.  Sufficiency of the Evidence...........................................................................6

B.  Appellant's Setence was Within the Statutory Range of Punishment.................7

C.  Appellant Received Effective Assistance of Counsel.........................................9

CONCLUSION AND PRAYER ................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................... 11

CERTIFICATE OF COUNSEL ................................................................................ 12

CERTIFICATE OF COMPLIANCE.......................................................................... 12

# INDEX OF AUTHORITIES

## UNITED STATES SUPREME COURT:

*Anders v. California,*
   386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) .................................. 3, 10, 12

*Robinson v. California,*
   370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) .................................... 7

*Solem v. Helm,*
   463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) ................................ 8

*Strickland v. Washington,*
   466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984) ................................ 9

## TEXAS COURT OF CRIMINAL APPEALS:

*Aguirre-Mata v. State,*
   125 S.W.3d 473 (Tex.Crim.App. 2003) ........................................................ 6

*Cardona v. State,*
   665 S.W.2d 492 (Tex.Crim.App. 1984) ....................................................... 4

*Cobb v. State,*
   851 S.W.2d 871 (Tex.Crim.App. 1993) ....................................................... 6

*Cole v. State,*
   578 S.W.2d 127 (Tex.Crim.App. 1979) ....................................................... 7

*Ex parte Brown,*
   158 S.W.3d 449 (Tex.Crim.App. 2005) ..................................................... 8-9

*Garcia v. State,*
   57 S.W.3d 436 (Tex.Crim.App. 2001) ......................................................... 10

*Hernandez v. State,*
   988 S.W.2d 70 (Tex.Crim.App. 1999) ......................................................... 9

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Jackson v. State,*
  877 S.W.2d 768 (Tex.Crim.App. 1994) ...................................................... 10

*Jordan v. State,*
  495 S.W.2d 949 (Tex.Crim.App. 1973) ...................................................... 8

*Lyles v. State,*
  850 S.W.2d 497 (Tex.Crim.App. 1993) ...................................................... 4

*Mendez v. State,*
  138 S.W.3d 334 (Tex.Crim.App. 2004) ...................................................... 6

*Miniel v. State,*
  831 S.W.2d 310 (Tex.Crim.App. 1992) ...................................................... 9

*Moore v. State,*
  605 S.W.2d 924 (Tex.Crim.App. 1980) ...................................................... 7

*Moore v. State,*
  694 S.W.2d 528 (Tex.Crim.App. 1985) ...................................................... 9

*Moses v. State,*
  590 S.W.2d 469 (Tex.Crim.App. 1979) ...................................................... 7 n.1

*Rhoades v. State,*
  934 S.W.2d 113 (Tex.Crim.App. 1996) ...................................................... 8

*Rickles v. State,*
  202 S.W.3d 759 (Tex.Crim.App. 2006) ...................................................... 4, 7

*Stafford v. State,*
  813 S.W.2d 503 (Tex.Crim.App. 1991) ...................................................... 10

*Thompson v. State,*
  9 S.W.3d 808 (Tex.Crim.App. 1999) ...................................................... 10

## TEXAS COURTS OF APPEAL:

*Aguilar v. State,*
  279 S.W.3d 350 (Tex.App.—Austin 2007) ...................................................... 9 n.2

*Bolden v. State,*
  73 S.W.3d 428 (Tex.App.—Houston [1st Dist.] 2002) ................................. 8

*Brooks v. State,*
  995 S.W.2d 762 (Tex.App.—San Antonio 1999)........................................... 7

*Canseco v. State,*
  199 S.W.3d 437 (Tex.App.—Houston [1st Dist.] 2006) ............................... 4

*Castaneda v. State,*
  135 S.W.3d 719 (Tex.App.—Dallas 2003) .................................................... 8

*Duke v. State,*
  2 S.W.3d 512 (Tex.App.—San Antonio 1999)............................................... 4

*Hays v. State,*
  933 S.W.2d 659 (Tex.App.—San Antonio 1996) ......................................... 4, 5, 7

*Joseph v. State,*
  3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999)................................. 4

*Lewis v. State,*
  195 S.W.3d 205 (Tex.App.—San Antonio 2006)........................................... 4

*Mays v. State,*
  904 S.W.2d 290 (Tex.App.—Fort Wroth 1995)............................................. 3

*Noland v. State,*
  264 S.W.3d 144 (Tex.App.—Houston [1st Dist.] 2007) ............................... 8

*Roman v. State,*
  145 S.W.3d 316 (Tex.App.—Houston [14th Dist.] 2004)............................. 9

*Sims v. State,*
  326 S.W.3d 707 (Tex.App.—Texarkana 2010)............................................. 6

## TEXAS COURTS OF APPEAL (CON'T):

*Trevino v. State,*
   174 S.W.3d 925 (Tex.App.—Corpus Christi 2005) ....................................... 8

*Uresti v. State,*
   98 S.W.3d 321 (Tex.App.—Houston [1st Dist.] 2003) ................................. 9 n.2

## STATUTES AND OTHER CONSTITUTIONAL PROVISIONS:

TEX. HEALTH & SAFETY CODE § 481.134 ......................................................... 8

TEX. PEN. CODE § 12.34 ................................................................................. 8

TEX. R. APP. P. 33.1 .................................................................................. 6, 8

U.S. CONST. AMEND. VIII ............................................................................. 7

U.S. CONST. AMEND. XIV ............................................................................. 7

No. 12-15-00144-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**GREGORY CARL ROLLING, JR.**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-1172-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Gregory Rolling and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Gregory Rolling seeks to appeal his conviction and sentence for the offense of possession of a controlled substance rendered against him in the 114th District Court of Smith County. (I CR 86). After being indicted for this offense in September of last year, Mr. Rolling was, by agreement, placed on a term of six years deferred adjudication community supervision. (I CR 4, 52). However, in May of this year that probation was revoked and Mr. Rolling was sentenced to serve six years' confinement. (I CR 86). Sentence was pronounced on 26 May and notice of appeal then timely filed. (I CR 86, 91).

## ISSUE PRESENTED

**THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.**

## STATEMENT OF FACTS

In September of 2014, Appellant, Mr. Gregory Rolling, was indicted for the felony offense of possession of a controlled substance in a drug free zone. (I CR 4). To this charge, he entered a plea of "guilty" and, pursuant to a plea agreement, was placed on a term of six years' deferred adjudication community supervision. (I CR 52).

Unfortunately, in May of this year Mr. Rolling was facing an application to proceed to final adjudication in which the State alleged he had committed multiple violations of his probation. (I CR 71). To the majority of these allegations Mr.

2

Rolling entered pleas of "true" and the trial court, finding the violations to be true, adjudicated guilt and imposed punishment at six years' confinement. (I CR 86). Sentence was pronounced on 26 May and notice of appeal then timely filed. (I CR 86, 91).

## PROFESSIONAL EVALUATION OF THE RECORD

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23 (Tex.App.—Fort Worth 1995, no pet.).

## SUMMARY OF THE ARGUMENT

Pursuant to the responsibilities and requirements of the governing code of professional conduct, a thorough review of the record has been made. Counsel's research has revealed no arguable, non-frivolous grounds that could be advanced in support of a claim that there exists reversible error in the trial, judgment, or sentence of Appellant. A review and analysis of any potential issues is herein presented for the Court.

# ARGUMENT

Standard of Review

Where a trial court revokes a previously imposed term of community supervision the decision to do so is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). A trial court abuses its discretion if it acts without reference to guiding principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993). This review considers the record in the light most favorable to the trial court's decision. *Duke v. State*, 2 S.W.3d 512, 515 (Tex.App.—San Antonio 1999, no pet.).

Proof of even a single violation is sufficient to support a revocation. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). Therefore, in order to prevail an appellant must show that taking the evidence in the light most favorable to the court's decision there is insufficient evidence to support each and every finding of the court. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.—San Antonio 2006, no pet.); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Additionally, a plea of true, standing alone, is sufficient to support a trial court's revocation of community supervision. *See Hays v. State*, 933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996,

no pet.) (holding that a plea of "true" to any violation can by itself support a revocation).

**THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.**

A. There Was Legally Sufficient Evidence to Support the Revocation.

By way of a written motion to proceed to final adjudication, Mr. Rolling was alleged to have violated the terms of his community supervision. (I CR 71). The application included the following allegations:

| Application Paragraph | Allegation |
|---|---|
| I | Identity of Defendant |
| II | Failure to Submit to Urinalysis (Abandoned at trial) |
| III | Failure to Pay for a Urinalysis |
| IV-VI | Failure to Pay Various Fees and Costs |
| VII | Failure to Report |
| VIII | Failure to Complete Outpatient Treatment |
| IX | Failure to Attend AA Meetings |

(I CR 71-75). To all paragraphs but paragraphs VII and IX, pleas of "true" were entered. (I CR 86). Thus, if the pleas of "true" were entered freely, knowingly, and voluntarily, the trial court had sufficient evidence to revoke Mr. Rolling's community supervision. *Hays*, 933 S.W.2d at 661.

5

1.  The Plea

Before accepting his plea, the trial court advised Mr. Rolling as to the consequences of entering his plea, including the potential range of punishment, and also advised him of his right to remain silent and his right to have a hearing on the allegations at issue. (IV RR 4-22). After having been so advised, Mr. Rolling persisted in his desire to enter pleas of "true" and gave no indication that he was doing so involuntarily. (*Id.*); *see Sims v. State*, 326 S.W.3d 707, 713 (Tex.App.—Texarkana 2010, pet. struck) (*citing Mendez v. State*, 138 S.W.3d 334, 350 (Tex.Crim.App. 2004)) (holding that challenges to the voluntariness of a plea must be raised before the trial court in order to preserve the error for appeal); *see also* Tex. R. App. Proc. 33.1(a)(1). Finally, could any error be advanced regarding the trial court's admonishments, such error would be non-constitutional error subject to a harm analysis and, given the record before the Court, Mr. Rolling could not meet that burden in this case. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 474-76 (Tex.Crim.App. 2003).

2.  Sufficiency of the Evidence

The State must prove allegations in a revocation setting by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Evidence, therefore, is sufficient if an analysis of its comparative weight tends to support the trial court's conclusion that at least one condition of probation was violat-

6

ed. *See Rickels*, 202 S.W.3d at 764 (holding that evidence is sufficient to support a revocation where the greater weight of the credible evidence before the court supports a reasonable belief that a condition of probation has been violated). Moreover, a plea of true, standing alone, is sufficient to support a trial court's revocation of community supervision. *See*, 933 S.W.2d at 661 (holding that a plea of "true" to any violation can by itself support a revocation). Thus, where the Court finds that a voluntary plea of true was entered, as was the case here, the evidence is legally sufficient to support the revocation. (V RR 14); *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Brooks v. State*, 995 S.W.2d 762, 763 (Tex.App.—San Antonio 1999, no pet.).[1]

B. Appellant's Sentence Was Within the Statutory Range of Punishment.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. CONST. AMEND. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. U.S. CONST. AMEND. XIV; *Robinson v. California*, 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

Here, neither Mr. Rolling nor his trial counsel raised the issue of cruel or excessive punishment at the time sentence was imposed and, therefore, this issue has

---

[1] The record also contains a written stipulation of evidence, signed by Mr. Rolling, offered and accepted by the court at trial, and admitting to the truth of the allegations made against him. (I CR 84; IV RR 22). Such a written stipulation is, likewise, sufficient to support the trial court's decision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979) (a plea of true and written stipulation is sufficient to support revocation).

likely been waived on appeal.  *See* TEX. R. APP. PROC. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.); *but see Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 3008-09, 77 L.Ed.2d 637 (1983) (noting exception to this general rule if sentence assessed is grossly disproportionate to the crime).  Additionally, the sentence imposed of six years' confinement was within the statutory punishment range for the offense and is, consequently, virtually presumed not to be constitutionally cruel and unusual.  *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex.App.—Corpus Christi 2005, pet. ref'd); *see also* TEX. HEALTH & SAFETY CODE § 481.134(b) (defining possession of a controlled substance, as alleged, as a third-degree felony); TEX. PEN CODE § 12.34 (punishment range for a third degree felony).  Further, that Mr. Rolling was sentenced below the maximum possible ten-year sentence is also a factor indicating that the sentence was not excessive or cruel.  *Bolden v. State*, 73 S.W.3d 428, 434 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd).

Finally, due process requires that the trial court consider the full range of punishment for an offense and weigh both mitigating and incriminating evidence in the assessment of sentence.  *Ex parte Brown*, 158 S.W.3d 449, 454

(Tex.Crim.App. 2005). In the absence of a clear showing to the contrary, on appeal the Court will presume that the trial court did not act arbitrarily and considered all of the evidence before it. *Roman v. State*, 145 S.W.3d 316, 319 (Tex.App.—Houston [14th Dist.] 2004, pet. ref'd). Given the record before the Court, this presumption cannot be overcome on direct appeal.[2]

C. Appellant Received Effective Assistance of Counsel.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that her trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Finally, trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

---

[2] The trial court ordered payment of $173.00 to DPS. (I CR 86). This was pursuant to the original plea agreement agreed to by Mr. Rolling. (I CR 52, 60); *cf. Aguilar v. State*, 279 S.W.3d 350, 353-54 (Tex.App.—Austin 2007) (mem. op.); *Uresti v. State*, 98 S.W.3d 321, 338 (Tex.App.—Houston [1st Dist.] 2003, no pet.) (both noting such fees are generally impressible when ordered as part of a sentence of confinement).

With this standard in mind, a comprehensive review of the record has been made of the proceedings including pretrial matters, Mr. Rolling's original plea, the revocation hearing, and the arguments of counsel. Here, that review fails to shows, given the totality of the representation provided by trial counsel, any basis from which to argue that ineffective assistance was rendered. *See, e.g., Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Rolling the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

10

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for

the State by efile on this the 13th day of August 2015.


/s/ Austin Reeve Jackson

11

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,332 words.

/s/ Austin Reeve Jackson